IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| Robert Lee Johnson, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | C/A No. 4:18-2368-TMC |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| Charles Williams, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner Robert Lee Johnson, a state prisoner proceeding pro se, filed a petition seeking habeas relief pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report"), recommending that the Petition be summarily dismissed with prejudice and without requiring the Respondent to file a return as it is time-barred. (ECF No. 13). The parties were advised of their right to file objections. (ECF No. 13 at 7). However, Petitioner did not file any objections, and the time to do so has now run.

The Report has no presumptive weight and the responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). In the absence of objections to the Report, this court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

1

After a thorough review, the court finds no clear error and, therefore, adopts the Report (ECF No. 13) and incorporates it herein by reference.[1] Therefore, the habeas petition is **DISMISSED** with prejudice and without requiring Respondent to file a return.

Additionally, a certificate of appealability will not issue to a prisoner seeking habeas relief absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner satisfies this standard by demonstrating that reasonable jurists would find both that his constitutional claims are debatable and that any dispositive procedural rulings by the district court are also debatable or wrong. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the court finds that the petitioner has failed to make a substantial showing of the denial of a constitutional right. Accordingly, the court declines to issue a certificate of appealability.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

October 25, 2018
Anderson, South Carolina

---

[1] The court notes that in his petition, Petitioner states in two places that the South Carolina Supreme Court decided the appeal in his post-conviction relief proceedings (Docket Number 2015-001597), on August 21, 2017 (ECF No. 1 at 8, 9). However, it appears these are merely typographical errors as he also states in his petition that the date of the decision in that same case was August 22, 2017. *Id.* at 6. Moreover, the court takes judicial notice of the South Carolina Supreme Court's website, which indicates that the decision in Docket Number 2015-001597 was entered on August 21, 2017, and the remittitur was sent down on September 6, 2017 (https://ctrack.sccourts.org/public/caseView.do?csIID=60054).